**[Cite as *State v. Ball*, 2020-Ohio-6638.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-54 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-823 |
| | : | |
| COURTNEY N. BALL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of December, 2020.

. . . . . . . . . . .

MARCY VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

NICOLE RUTTER-HIRTH, Atty. Reg. No. 0081004, 2541 Shiloh Springs Road, Trotwood, Ohio 45426
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Courtney N. Ball appeals from her conviction for aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, after a guilty plea. The trial court imposed a prison sentence of six years on March 7, 2019. On September 4, 2019, Ball filed a motion for delayed appeal, which we granted on October 7, 2019, and we appointed counsel to represent her. Her appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any meritorious issues for appeal. On March 2, 2020, we notified Ball that her counsel found no meritorious claims to present on appeal, and we granted her 60 days to file a pro se brief assigning any errors for review. We later extended that time due to the Ohio Supreme Court's Covid-19 Tolling Order (3/27/2020 Administrative Action, 2020-Ohio-1166).   In an order filed on September 2, 2020, we notified Ball that her time for filing a pro se brief would expire on October 21, 2020. She has not filed a brief.

{¶ 2} Under *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders* at 744; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). A frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2003-Ohio-6078. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Id.* at ¶ 7, citing *Pullen*.

{¶ 3} We have conducted our independent review of the record under *Penson,* and

we agree with appellate counsel that there are no non-frivolous issues for review. Consequently, we affirm the trial court's judgment.

## I. Procedural History

{¶ 4} On October 19, 2018, Ball was indicted for two counts of aggravated robbery, (deadly weapon and serious physical harm) regarding an incident which occurred on October 9, 2018. The record reveals that on that date the victim, Nicholas Price, traveled to Fairborn from Marysville, Ohio to meet with an old friend, Jordan Young. Young had invited Price to Ball's apartment so that Price could buy some jewelry for $1650, because Young was having a hard time finding a job.

{¶ 5} Price, who was with two friends, met Young outside of Ball's apartment. Young told Price his friends could not enter the apartment and would have to wait outside. Price followed Young into the apartment, where they both took seats. Another man, later identified as DeAndre DaCosta, came out of the kitchen armed with a gun. DaCosta ordered Price to empty his pockets. When Price did not comply, DaCosta hit him in the head with the butt of the gun. DaCosta hit Price 5-6 times in the face with the gun. They were joined by Christopher Lyons who put Price in a chokehold. Ball and another woman by the name of Autum Reynolds also joined in. The four people inside the apartment (apparently not including Young, who ran out the back door) were able to remove $1650 from Price's pocket and also took a chain he was wearing. They unsuccessfully attempted to steal his watch and belt as well.

{¶ 6} Price suffered a concussion, required stitches for his head wounds, and has had kidney issues as a result of the assault. He was hospitalized for seven days.

{¶ 7} At the December 31, 2018 plea hearing, the trial court conducted a thorough

Crim.R. 11 colloquy, including discussion of the constitutional rights Ball was waiving, the fact that there was a presumption of a prison term, that the maximum sentence was 11 years in prison and the State was recommending a 7-year prison sentence, and that she would be on post-release control for five years. Ball agreed to be responsible for restitution in the amount of $37,171.39, with the specific understanding that if it were later discovered that there was a third-party payment of part of those medical expenses, her restitution would only be for the balance. The court found that the "plea and waiver of Constitutional Rights are voluntary, intelligent, and knowingly made." Transcript of Guilty Plea at 18.

{¶ 8}  At the sentencing hearing on March 7, 2019, the court stated: "The Court has considered the statements of the parties, the Pre-Sentence Report, the purposes and principles of sentencing, and the Court has balanced the seriousness and recidivism factors pursuant to 2929.12." Transcript of Final Disposition at 6. The court stated that the presumption of a prison term had not been overcome and that community control sanctions would demean the seriousness of the offense. The court sentenced Ball to six years in prison, credited her for jail time served, imposed correct post-release control, imposed the indicated restitution, did not impose a fine, and waived court costs.[1]

## II. Analysis

{¶ 9} The *Anders* brief does not suggest any potential errors of the trial court; consequently, we rely on our independent review. We have performed our duty to

---

[1] According to the Ohio Department of Rehabilitation and Correction website, Christopher Lyons, DeAndre DaCosta, Autum Reynolds, and Jordan Young are serving sentences for this aggravated robbery or complicity therein for terms of seven, seven, five, and ten years respectively.

independently conduct a thorough and complete examination of all the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

{¶ 10} Our review included scrutiny of the entire record, including the docketed filings, the presentence investigation report (PSI), and the plea and sentencing hearing transcripts. We agree with appointed counsel's assessment that there are no appealable issues with arguable merit. The trial court conducted a thorough and complete Crim.R. 11 plea hearing. The Court concluded that Ball knowingly, voluntarily, and intelligently waived her rights and entered her pleas, and there is no evidence to the contrary.

{¶ 11} With regard to the sentence imposed, the trial court indicated it had considered the record and the appropriate statutory considerations for sentencing. The sentence was within the statutory range for aggravated robbery and was not contrary to law. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. We simply do not find any reasonable, potentially meritorious argument in the circumstances of this case that would support Ball's cause.

{¶ 12} We note from our detailed review that, after the plea and shortly before sentencing, Ball sent a handwritten note to the court that referenced her December 31, 2018 plea. The court filed a copy of the communication on March 1, 2019. She wrote: "At this time I would like to withdraw my plea. I'm requesting another court date to discuss

my case with my attorney Joe Coates present. I believe the length of confinement is to[o] long. I would like to make you aware that I have a 7 month old daughter that's in juvenile court and I'm battling to get my Aunt Teresa custody. Can you please take this into consideration and schedule me a new hearing." *Id.* We conclude that this communication does not present an issue of arguable merit for at least four reasons. First, Ball's correspondence was not a filed motion, and a defendant represented by counsel is not permitted to file pro se motions on her own behalf. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 33. Second, Ball's request that she have another proceeding with her counsel present did occur when she had a sentencing hearing on March 7, 2019. At that time, there was no discussion on the record about Ball's correspondence. However, her counsel did say "I know we discussed the case at length in chambers, your Honor…. unfortunately, we're here with this and Courtney understands that. You know, she's got to deal with this, the consequences of what, what's happened here." Transcript of Final Disposition at 4-5. Ball herself was given an opportunity to directly address the court and said nothing about the issues raised in her correspondence. Third, her correspondence provided no reason to change her plea except that she thought the term of the sentence, which was at that point had not been imposed, was too long; it did not indicate that her request was anything other than a change of heart which is not enough to withdraw a plea. *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 10. And fourth, there is nothing in this record to determine what the conversation was between Ball and her counsel prior to sentencing. We know not whether she still wanted to withdraw her plea, whether she asked her lawyer to file such a motion, or whether perhaps she recognized that there was no basis for plea withdrawal or that

the evidence against her was overwhelming. Because these are matters outside the record, the attendant circumstances must be presented by a motion for postconviction relief. "An argument grounded on matters outside the record can only be addressed by a post conviction relief motion." *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8. For each and all of these reasons, we do not find that the March 1, 2019 correspondence raises any appealable issues with arguable merit.

### III. Conclusion

{¶ 13} Our independent review of the record reveals no non-frivolous issues for appeal. We therefore agree with appellate counsel that Ball's appeal is frivolous. The judgment of the trial court is therefore affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Marcy Vonderwell
Nicole Rutter-Hirth
Courtney N. Ball
Hon. Stephen Wolaver